**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX                                        Index No.:
-----------------------------------------------------------------------x
MICHAEL JOHNSON,

                         Plaintiff,                   **SUMMONS**

                                                      Plaintiff Designates
                                                      Bronx County as Place
          -against-                                   of Trial

                                                      Basis of Venue is
STARBUCKS CORPORATION D/B/A STARBUCKS                 Plaintiff's Residence
COFFEE COMPANY,

                         Defendant.
-----------------------------------------------------------------------x


          **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this
Summons, exclusive of the date of service (or within thirty (30) days after the service is complete
if this Summons is not personally delivered to you within the State of New York); and in case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded in the Complaint with interest and cost from the date of occurrence.

Dated:     New York, New York
           May 6, 2021

                              **RASKIN & KREMINS, L.L.P.**

                              _Michael F. Kremins_
                              MICHAEL F. KREMINS, ESQ.
                              Attorneys for Plaintiff
                              **MICHAEL JOHNSON**
                              160 Broadway - 4th Floor
                              New York, New York 10038
                              (212) 587-3434

TO:

**<u>DEFENDANT</u>**

STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY
c/o Corporation Service Company
80 State Street
Albany, N.Y. 12207

STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------X
MICHAEL JOHNSON,

|  |  |
|---|---|
| Plaintiff, | VERIFIED COMPLAINT |
|  | Index # |

    -against-


STARBUCKS CORPORATION D/B/A STARBUCKS
COFFEE COMPANY,

                            Defendant.
------------------------------------------------------------------X


      Plaintiff, by his attorneys, **RASKIN & KREMINS, L.L.P.**, as and for a cause of action alleges upon information and belief as follows:

      1.  That the cause of action herein alleged arose in the State of New York, County of New York.

      2.  That at the time of the commencement of this action plaintiff, MICHAEL JOHNSON, was and is a resident of the State of New York, County of Bronx.

      3. That at all times hereinafter mentioned; and on June 28, 2019 defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY was and is a foreign business corporation organized and existing under the laws of the State of Washington.

      4.  That at all times hereinafter mentioned and on June 28, 2019 defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY was and still is a foreign business corporation authorized to conduct business in the State of New York.

      5.  That defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, is a foreign corporation that does business in  the State of New York and is subject to the jurisdiction of this Court pursuant to Section 301 of the Civil practice Law and Rules.

      6.  That defendant, STARBUCKS, is a foreign corporation authorized to do business in the State of New York and is subject to service of process pursuant to Section 306 of the

2

Business Corporation Law.

7.  That defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, transacts business within the State of New York and is subject to the jurisdiction of this Court pursuant to Section 302 (a) (1) of the Civil Practice Law and Rules.

8.  That defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, committed tortious acts within the State of New York and is subject to the jurisdiction of this Court pursuant to Section 302 (a) (2) of the Civil Practice law and Rules.

9.  That defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, owns, uses, or possesses real property situated within the State of New York and is subject to the jurisdiction of this Court pursuant to section 302 (a) (4) of the Civil Practice Law and Rules.

10.  That at all times hereinafter mentioned and upon information and belief, defendant STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, has and continues to keep and maintain a business office in Manhattan, City and State of New York.

11.  That on June 28, 2019, and at all times mentioned herein, defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, owned the premises located at 10 Union Square East, County of New York, City and State of New York.

12.  That on June 28, 2019, and at all times mentioned herein, defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, leased the premises located at 10 Union Square East, County of New York, City and State of New York.

13.  That on June 28, 2019, and at all times mentioned herein, defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, by its agents, servants, employees and/or licensees operated the aforesaid premises.

14.  That on June 28, 2019, and at all times mentioned herein, defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, by its agents, servants, employees and/or licensees managed the aforesaid premises.

3

15. That on June 28, 2019, and at all times mentioned herein, defendant STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, by its agents, servants, employees and/or licensees controlled the aforesaid premises.

16. That on June 28, 2019, and at all times mentioned herein, defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, by its agents, servants, employees and/or licensees maintained the aforesaid premises.

17. That on June 28, 2019, and at all times mentioned herein, defendant, STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, by its agents, servants, employees and/or licensees supervised the aforesaid premises.

18. That at all times hereinafter mentioned the employees, agents, servants, and/or licensees at the aforementioned premises were acting within the scope of their employment with defendant STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY.

19. That on June 28, 2019 at approximately 8:45 a.m. while plaintiff **MICHAEL JOHNSON** was a lawful customer/patron at or about the aforesaid premises, plaintiff was caused to be violently and viciously struck, assaulted, battered, beaten, pushed, shoved, thrown, chased, and seriously injured without just cause of provocation.

20. That on June 28, 2019, while plaintiff was lawfully on or about the aforesaid premises, defendant did not employ, or enter into a contractual relationship for services with, any trained security and/or safety personnel.

21. That defendant STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, its agents, servants, and/or employees, failed to adequately secure the aforesaid premises, leading to plaintiff's injury.

22. That defendant STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, their agents, servants, employees and/or licensees were negligent, careless and reckless in failing to supervise, control, maintain the aforesaid premises; in negligently, carelessly, and wrongfully causing, permitting, and allowing plaintiff to be assaulted, battered, traumatized, and shocked, causing injury and emotional damage at the aforesaid premises; in negligently and carelessly causing, permitting, and allowing customers/patrons to assault, attack,

4

batter, traumatize and severely injure plaintiff; in negligently and carelessly failing to adequately

employ trained security guards/personnel and/or other personnel for the public's safety,

including the safety of plaintiff, herein; in negligently and carelessly failing to protect customers;

in negligently and carelessly failing to protect plaintiff; in negligently and carelessly failing to

immediately call for assistance and/or aid to protect plaintiff; and in being otherwise careless and

negligent; that defendant STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE

COMPANY, its agents, servants and/or employees, were otherwise negligent, reckless, careless,

wanton and grossly negligent; and plaintiff, **MICHAEL JOHNSON**, will also rely on the

doctrine of *res ipsa loquitur.*

23.   That it was the duty of defendant STARBUCKS CORPORATION D/B/A

STARBUCKS COFFEE COMPANY, their agents, servants, employees and/or licensees, to

maintain the aforesaid premises and more particularly the area in which plaintiff was a lawful

patron/customer in a safe and secure condition so as not to endanger the life and limbs of any

person, including the plaintiff who was lawfully at the aforesaid location, and to give due and

timely warning of any attendant peril or danger.

24.   That by reason of the foregoing, plaintiff, **MICHAEL JOHNSON** sustained severe

and permanent personal injuries, became sick, sore, lame, and disabled, suffered mental anguish,

was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated

and from attending to his usual duties and may in the future, be so incapacitated and plaintiff was

otherwise damaged.

25.   That plaintiff in no way contributed to, caused, or provoked the aforesaid incident.

26.   That this action falls within one or more of the exemptions set forth in N.Y. C.P.L.R.

§§1600-1603.

27.   That as a result of the aforesaid occurrence, plaintiff, **MICHAEL JOHNSON**, was

caused to sustain serious, severe, and permanent personal injuries.

5

WHEREFORE, plaintiff, **MICHAEL JOHNSON**, demands judgment against defendant STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY, in an amount which is in excess of the jurisdictional limits of all lower courts, together with the costs, interest and disbursements of this action, and for such other and further relief as to this Court may deem just, proper, and equitable.

Dated: New York, NY
        May 6, 2021

Yours, etc.,

Michael F. Kremins, Esq.
**RASKIN & KREMINS, L.L.P.**
Attorneys for Plaintiff(s)
160 Broadway
New York, NY 10038
212-587-3434
File #: 4942

6

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK       )
                            ) ss.:
COUNTY OF NEW YORK     )

      **MICHAEL F. KREMINS, ESQ.**, affirms under the penalties of perjury the following:

      I am a member of the firm of **RASKIN & KREMINS, L.L.P.**, attorneys for plaintiff herein.

      That I have read and know the contents of the foregoing **COMPLAINT**, that the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, he believes it to be true.

      That the reason why this verification is made by your affirmant instead of by the Plaintiff is that the Plaintiff is not within the County of New York, which is the County where your affirmant has his office. Your affirmant further says that the grounds of the belief as to all matters in the said **COMPLAINT** are statements of said Plaintiff, papers and records in his possession, and a general investigation of the facts of this case.

Dated: New York, New York
       May 6, 2021

                                            *Michael F. Kremins*
                                    MICHAEL F. KREMINS, ESQ.

7

**ATTORNEY(s)** : Raskin & Kremins LLP
**INDEX #** : 806243/2021
**PURCHASED/FILED** :
**STATE OF** : **NEW YORK**
**COURT** : Supreme
**COUNTY/DISTRICT** : Bronx



P4604958

## AFFIDAVIT OF SERVICE -  SECRETARY OF STATE

Michael Johnson

Plaintiff(s)

against

Starbucks Corporation D/B/A Starbucks Coffee Company

Defendant(s)

| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: | 55 Yrs. |
| COUNTY OF ALBANY   )SS | | | |
| CITY OF ALBANY      ) | Weight: 120 Lbs. Height: 5' 0" Sex: Female Color of skin: White | | |

Hair color:   Blonde   Other:

**Robert Guyette** , being duly sworn, deposes and says: deponent is over
the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on
**May 10, 2021** , at **12:40pm** , at the office of the  Secretary of State of the State of NY,
located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons & Verified Complaint**

on

**Starbucks Corporation D/B/A Starbucks Coffee Company**

,

the Defendant in this action, by delivering to and leaving with **Sue Zouky**
AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the
Office of the Secretary of State of the State of New York, two (2) true copies  thereof and that at the time of
making such service, deponent paid said Secretary of State a fee of $40 dollars; That said service
was made pursuant to Section **BUSINESS CORPORATION LAW §306**.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

10th   day of         May, 2021

FAITH COAZY
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette

**Invoice·Work Order #** 2114487
Attorney File # **4604958**

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF  NEW YORK

### STATEMENT OF AUTHORIZATION FOR
### ELECTRONIC FILING
### (Managing Attorney Authorizing Filing Agent Entity)

I, Michael F. Kremins            , Esq., ( Attorney Registration No. _1732781_ ) am the
managing attorney of/attorney in charge of e-filing for Raskin & Kremins, L.L.P.
_____ (the "Firm"). I hereby acknowledge and
represent that the attorneys in the Firm who are authorized users of the New York State
Electronic Filing System ("NYSCEF") hereby authorize any employee of
_Aetna Judicial Service Inc._____ who possesses a NYSCEF filing agent ID to file documents on
their behalf and at their direction, as a filing agent, in any e-filed matter in which they are
counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the
Trial Courts.

This authorization extends to any consensual matter in which these attorneys have
previously consented to e-filing or may hereafter consent, to any mandatory matter in which
they have recorded their representation, and to any matter in which they authorize the filing
agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and
submit to the filing agent for filing in any such matter. This authorization, posted once on the
NYSCEF website as to each matter in which these attorneys are counsel of record, shall be
deemed to accompany any document in that matter filed by the filing agent on behalf of these
attorneys.

Where a document intended for filing includes secure information as set forth in the E-
Filing Rules, the attorney will notify the filing agent and direct the filing agent to mark that
document Secure in the NYSCEF system. These attorneys further authorize the filing agent to
view such Secure documents that they have filed or that they generate and submit to the filing
agent for filing  in any such matter.

This authorization also extends to matters of payment, which the filing agent may make
either by debiting an account the filing agent maintains with the County Clerk of any authorized
e-filing county or by debiting an account the Firm maintains with the County Clerk of any
authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the
authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: April 18, 2012

_____                    New York, NY 10038
Signature                                    City, State and Zip Code

Michael F. Kremins, Esq.                     (212) 587-3434
Print Name                                   Phone

Raskin & Kremins, L.L.P.
_____
Firm/Department

kremlaw@netzero.com
_____
E-Mail Address

160 Broadway, 4th Floor
_____
Street Address

(3/19/12)

Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 13 of 53

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX

MICHAEL JOHNSON,                                      **VERIFIED ANSWER**

                                    Plaintiff,        Case No.: 806243/2021E

v.

STARBUCKS CORPORATION d/b/a STARBUCKS
COFFEE COMPANY,

                                    Defendant.

Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company (hereinafter "Starbucks"), by its attorneys, Goldberg Segalla LLP, answers the Verified Complaint of the Plaintiff as follows:

1.      Starbucks denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Verified Complaint.

2.      Starbucks denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Verified Complaint.

3.      Starbucks admits the allegations contained in paragraph 3 of the Verified Complaint.

4.      Starbucks admits the allegations contained in paragraph 4 of the Verified Complaint.

5.      Paragraph 5 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Starbucks admits that it was and still is a foreign corporation duly organized and existing by virtue of the laws of the State of Washington and is authorized to transact business in the State of New York, and denies having knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 5 of the Verified Complaint.

1

Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 14 of 53

6.      Paragraph 6 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 6 of the Verified Complaint.

7.      Paragraph 7 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 7 of the Verified Complaint.

8.      Starbucks denies the allegations contained in paragraph 8 of the Verified Complaint.

9.      Paragraph 9 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 9 of the Verified Complaint.

10.     Starbucks denies the allegations contained in paragraph 10 of the Verified Complaint.

11.     Starbucks denies the allegations contained in paragraph 11 of the Verified Complaint.

12.     In response to paragraph 12 of the Verified Complaint, Starbucks admits that at certain times not specifically set forth in the Verified Complaint, Starbucks leased a portion of the ground floor of the premises located at 10 Union Square East, New York, New York, and denies any remaining allegations contained in paragraph 12 of the Verified Complaint.

13.     In response to paragraph 13 of the Verified Complaint, Starbucks admits only that it operated a retail store located on the ground floor of the premises located at 10 Union Square

2

Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 15 of 53

East, New York, New York at certain times not specifically set forth in the Verified Complaint, and denies the remaining allegations contained in paragraph 13 of the Verified Complaint.

14.     Starbucks denies the allegations contained in paragraph 14 of the Verified Complaint.

15.     Starbucks denies the allegations contained in paragraph 15 of the Verified Complaint.

16.     Starbucks denies the allegations contained in paragraph 16 of the Verified Complaint.

17.     Starbucks denies the allegations contained in paragraph 17 of the Verified Complaint.

18.     Starbucks denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Verified Complaint.

19.     Starbucks denies the allegations contained in paragraph 19 of the Verified Complaint.

20.     Starbucks denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Verified Complaint

21.     Starbucks denies the allegations contained in paragraph 21 of the Verified Complaint.

22.     Starbucks denies the allegations contained in paragraph 22 of the Verified Complaint.

23.     Paragraph 23 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 23 of the Verified Complaint.

24.     Starbucks denies the allegations contained in paragraph 24 of the Verified Complaint.

25.     Starbucks denies the allegations contained in paragraph 25 of the Verified Complaint.

26.     Paragraph 26 of the Verified Complaint calls for a legal conclusion to which no response is required. To the extent that a response is required, Starbucks denies the allegations contained in paragraph 26 of the Verified Complaint.

27.     Starbucks denies the allegations contained in paragraph 27 of the Verified Complaint.

28.     Starbucks denies each and every other allegation of the Verified Complaint not previously specifically admitted, denied, or otherwise controverted.

**AS AND FOR A FIRST SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

29.     The injuries and/or damages alleged in the Plaintiff's Verified Complaint were caused in whole or in part by the culpable conduct, want of care and assumption of risk on the part of the Plaintiff, and without negligence, fault or want of care on the part of Starbucks.

**AS AND FOR A SECOND SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

30.     If Starbucks is found liable to the Plaintiff, its responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by Plaintiff for non-economic loss against Starbucks should be limited to their percentage of liability.

4

**AS AND FOR A THIRD SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

31.    The Plaintiff's Verified Complaint fails to state a cause of action.

**AS AND FOR A FOURTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

32.    The Plaintiff's injuries, if any, were caused in whole or in part by a person or

persons who are not within the control of Starbucks.

**AS AND FOR A FIFTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

33.    That pursuant to §4545 and other applicable sections of the CPLR, Starbucks is

entitled to a set off against the amount of any verdict of any monies collected from a collateral

source of payment as set forth in said law.

**AS AND FOR A SIXTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

34.    Plaintiff has failed to mitigate his damages.

**AS AND FOR A SEVENTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

35.    The underlying incident and alleged resulting injuries were not proximately caused

by any action or inaction of Starbucks.

**AS AND FOR AN EIGHTH SEPARATE AND COMPLETE
AFFIRMATIVE DEFENSE, STARBUCKS
ALLEGES, UPON INFORMATION AND BELIEF:**

36.    The conduct of the Plaintiff constituted the sole proximate cause of the incident.

30005048.v1

Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 18 of 53

### AS AND FOR A NINTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE, STARBUCKS
### ALLEGES, UPON INFORMATION AND BELIEF:

37.     All or part of the cost of Plaintiff's medical care, loss of earnings or other economic loss may have been paid, replaced or indemnified in whole or in part from collateral sources, or with reasonable certainty will be replaced or indemnified in the future from such collateral sources, and to that extent Starbucks requests that in the event Plaintiff recovers any judgment herein, such amount as is recovered in whole or in part from collateral sources be reduced by said amounts pursuant to CPLR § 4545.

### AS AND FOR A TENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE, STARBUCKS
### ALLEGES, UPON INFORMATION AND BELIEF:

38.     Upon information and belief, the Plaintiff's injuries and damages, if any, were caused by the intervening acts of third parties unrelated to Starbucks.

### AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE, STARBUCKS
### ALLEGES, UPON INFORMATION AND BELIEF:

39.     If Plaintiff receives or has received sums of money in settlement of the claims asserted herein, Starbucks is entitled to the protection, provisions, and limitations of Section 15-108 of the General Obligations Law of the State of New York in reducing the claim of the Plaintiff against Starbucks by the amount stipulated in the Release, the amount of consideration paid for it or the amount of the released defendants' equitable share of the damages, whichever is the greatest.

### AS AND FOR A TWELFTH SEPARATE AND COMPLETE
### AFFIRMATIVE DEFENSE, STARBUCKS
### ALLEGES, UPON INFORMATION AND BELIEF:

40.     Starbucks reserves the right to assert additional affirmative defenses.

**WHEREFORE**, Starbucks demands judgment as follows:

a.      Dismissing the Verified Complaint, or

b.      Reducing Plaintiff's recovery in the proportion to which the Plaintiff's culpable conduct, assumption of risk, and want of care bears to the culpable conduct which caused the Plaintiff's alleged damages;

c.      Determining the ultimate rights and responsibilities of Starbucks, including costs, disbursements, and interest, or for such proportionate share as represents the amount, degree or kind of culpable conduct attributable to Starbucks;

d.      Limiting Plaintiff's recovery for non-economic loss against Starbucks to the percentage of responsibility attributed to Starbucks, if that percentage is less than fifty-one percent (51%), and

e.      Such other and further relief as to this Court may seem just, proper, and equitable together with the costs and disbursements of this action.

Dated: Buffalo, New York
      May 20, 2021

GOLDBERG SEGALLA LLP

Joseph M. Hanna, Esq.
*Attorneys for Defendant*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*
665 Main Street
Buffalo, New York 14203
(716) 566-5400
jhanna@goldbergsegalla.com

TO:    Michael F. Kremins, Esq.
       Raskin & Kremins, LLP
       *Attorneys for Plaintiff*
       160 Broadway – 4th Floor
       New York, New York 10038
       (212) 587-3434

7

## ATTORNEY VERIFICATION

STATE OF NEW YORK          )
                                       : ss.
COUNTY OF ERIE             )

JOSEPH M. HANNA, an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

1.      I am a Partner with Goldberg Segalla, LLP, attorneys for Defendant Starbucks Corporation d/b/a Starbucks Coffee Company;

2.      I have read the annexed Verified Answer to the Verified Complaint and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief as to those matters therein not stated upon knowledge is based on the files maintained in my office;

3.      The reason that this Verification is made by your affirmant and not by the Defendant is that the Defendant are not in the County in which I maintain my office.

Joseph M. Hanna, Esq.

Sworn to before me this
20th day of May, 2021.

Notary Public

SARAH A. WEISHEIT
NOTARY PUBLIC, STATE OF NEW YORK
Qualified in Chautauqua County
Commission Expires May 22, 20**25**

8



## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF BRONX

### AFFIDAVIT OF SERVICE

P4607941

Index no : **806243/2021**
Filed Date: **05/06/2021**
Office No: 4607941

| Plaintiff(s): | **MICHAEL JOHNSON** |
|---|---|
| | -vs- |
| Defendant(s): | **STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY** |

STATE OF NEW YORK
COUNTY OF ALBANY          ss.:

**Kerry Gunner**, the undersigned, being duly sworn, deposes and says: that the deponent is not a party to this action, is over 18 years of age and resides in the STATE OF NEW YORK.

On **05/10/2021** at **2:58 PM**, deponent served the within **SUMMONS AND VERIFIED COMPLAINT** on **STARBUCKS CORPORATION D/B/A STARBUCKS COFFEE COMPANY B/S/U CORPORATION SERVICE COMPANY AS RGEISTERED AGENT** at **80 STATE STREET, 10TH FLOOR, ALBANY, NY 12207** in the manner indicated below:

By delivering a true copy of each to and leaving with **"JOHN DOE" (REFUSED NAME), LEGAL REPRESENTATIVE OF CSC, DESIGNATED AGENT** who stated he/she is duly authorized to accept legal documents.

A description of the **Defendant(s)**, or other person served on behalf of the **Defendant(s)** is as follows:

| Sex | Color of skin/race | Color of hair | Age(Approx) | Height(Approx) | Weight(Approx) |
|---|---|---|---|---|---|
| **Male** | **White** | **Brown/Red** | **30-35** | **6Ft0In** | **185-200lbs** |
| Other Features: | | | | | |

Sworn to and subscribed before me on 05/12/2021

X _____
Kerry Gunner
PM Legal
75 Maiden Lane, 11th Floor
New York, NY 10038
859-8821

Notary Public

☑ Victoria Nelson
Notary Public, State of NY
No. 01NE6376548
Qualified in Albany County
Commission expires 06/11/2022

[ ] Kristen Smith
Notary Public, State of NY
No.01SM6357988
Qualified in Albany County
Commission expires 05/01/2021

[ ] Kerry Gunner
Notary Public, State of NY
No. 01GU5038710
Qualified in Albany County
Commission expires 02/06/2023

PM Legal
75 Maiden Lane, 11th Floor
New York, NY 10038

4607941
4607941



1 of 1

INDEX NO. 806243/2021E
Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 22 of 53 RECEIVED NYSCEF: 05/21/2021

12/06/2013   15:16 LAW OFFICES 718-625-4065                    (FAX)                P.002/002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _____

## STATEMENT OF AUTHORIZATION FOR
## ELECTRONIC FILING
(Single Attorney Authorizing Individual Filing Agent)

    I, _____Raymond A. Raskin,_____, Esq., (Attorney Registration No. 1134725 _____) am an authorized user of the New York State Courts Electronic Filing System ("NYSCEF") (User ID 1134725), I hereby authorize INSYNC LITIGATION SUPPORT _____ ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on my behalf and at my direction in any e-filed matter in which I am counsel of record through the NYSCEF system, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

    This authorization extends to any consensual matter in which I have previously consented to e-filing, to any mandatory matter in which I have recorded my representation, and to any matter in which I may authorize the filing agent to record my consent or representation in the NYSCEF system.

    This authorization extends to any and all documents I generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which I am counsel of record, shall be deemed to accompany any document filed in that matter by the filing agent.

    This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account I maintain with the County Clerk of any authorized e-filing county.

    This authorization regarding this filing agent shall continue until I revoke it in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: _Dec 6_____ 2013

_____          189 Montague Street, #410
Signature                          Brooklyn, New York 11201
                                   _____
RAYMOND A. RASKIN, ESQ.            City, State and Zip Code
_____
Print Name                         (718) 875-2060
                                   _____
                                   Phone

_____          ray@rayraskinlaw.com
Firm/Department                    _____
                                   E-Mail Address

_____          | inSync Account #: R01601 |
Same
_____
Street Address
                                   (6/6/13)

COMPLETE FORM FAX/EMAIL BACK TO (212) 509-5140, WEFILE@INSYNCLITIGATION.COM

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX

| | |
|---|---|
| MICHAEL JOHNSON, | **REQUEST FOR PRELIMINARY CONFERENCE** |
| Plaintiff, | |
| v. | Case No.: 806243/2021 |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | |
| Defendant. | |

The undersigned requests a preliminary conference.

The nature of the action is personal injury.

The names, addresses, and telephone numbers of all counsel appearing in this action are as follows:

RASKIN & KREMINS, LLP
Attorneys for Plaintiff
160 Broadway – 4th Floor
New York, New York 10038
(212) 587-3434

GOLDBERG SEGALLA LLP
Attorneys for Defendant Starbucks Corporation d/b/a Starbucks Coffee Company
665 Main Street
Buffalo, New York 14203
(716) 566-5400

Annexed hereto is an affirmation of Good Faith Pursuant to 22 NYCRR:

Dated: Buffalo, New York
       August 24, 2021

GOLDBERG SEGALLA LLP

Joseph M. Hanna, Esq.
*Attorney for Defendants*
*Starbucks Corporation d/b/a*
*Starbucks Coffee Company*
665 Main Street
Buffalo, New York 14203
(716) 566-5400

STATE OF NEW YORK
SUPREME COURT : COUNTY OF BRONX

MICHAEL JOHNSON,                                    **AFFIRMATION OF GOOD FAITH**

                                    Plaintiff,

v.                                                  Case No.: 806243/2021

STARBUCKS CORPORATION d/b/a STARBUCKS
COFFEE COMPANY,

                                    Defendant.

JOSEPH M. HANNA, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, affirms the following under penalty of perjury:

1.      I am a Partner of the law firm of Goldberg Segalla LLP, attorneys for Defendant, Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"). As such, I am fully familiar with the facts pertaining to this matter.

2.      I am requesting a preliminary conference in this matter.

3.      I have conferred with plaintiff's counsel in a good faith attempt to resolve disclosure and other issues in this matter.

4.      On May 20, 2021, Starbucks served upon plaintiff a Demand for a Verified Bill of Particulars and other Discovery Demands.

5.      Good faith efforts were made by correspondence forwarded to the attention of plaintiff's counsel on June 28, 2021, July 20, 2021, and August 5, 2021, to resolve the issues without court intervention.

6.      As of the date of this Affirmation, Starbucks has not received any responses from plaintiff in connection to the discovery demands dated May 20, 2021.

Dated: Buffalo, New York
        August 24, 2021                           GOLDBERG SEGALLA LLP

                                                   Joseph M. Hanna, Esq.
                                                   *Attorney for Defendant*
                                                   *Starbucks Corporation d/b/a*
                                                   *Starbucks Coffee Company*
                                                   665 Main Street
                                                   Buffalo, New York 14203
                                                   (716) 566-5400
                                                   jhanna@goldbergsegalla.com

INDEX NO. 806243/2021E
RECEIVED NYSCEF: 08/25/2021

TO:    Michael F. Kremins, Esq.
        Raskin & Kremins, LLP
        *Attorneys for Plaintiff*
        160 Broadway – 4th Floor
        New York, New York 10038
        (212) 587-3434
        kremlaw@netzero.com

INDEX NO. 806243/2021E

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 07/29/2019)

SUPREME _____ COURT, COUNTY OF **BRONX**

Index No: **806243/2021E**    Date Issue Issued: **05/06/2021**

| | For Court Use Only: |
|---|---|

**CAPTION**    Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Michael Johnson

IAS Entry Date

Plaintiff(s)/Petitioner(s)

Judge Assigned

-against-

Starbucks Corporation d/b/a Starbucks Coffee Company

RJI Filed Date

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**    Check only one box and specify where indicated.

**COMMERICIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____

*NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**REAL PROPERTY**    Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):    ○ Residential   ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Tax Certiorari
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution    [see *NOTE* in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ◉ Other Negligence (specify): assault
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration) [see *NOTE* in **COMMERCIAL** section]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**STATUS OF ACTION OR PROCEEDING**    Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: **05/06/2021** |
| Has a summons and complaint or summons with notice been served? | ◉ | ○ | If yes, date served: **05/10/2021** |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**    Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice    Date Issue Joined: _____
- ○ Notice of Motion    Relief Requested: _____    Return Date: _____
- ○ Notice of Petition    Relief Requested: _____    Return Date: _____
- ○ Order to Show Cause    Relief Requested: _____    Return Date: _____
- ○ Other Ex Parte Application    Relief Requested: _____
- ○ Poor Person Application
- ◉ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

| RELATED CASES | List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**. | | | |
|---|---|---|---|---|
| **Case Title** | **Index/Case Number** | **Court** | **Judge (if assigned)** | **Relationship to instant case** |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES** — For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties | Attorneys and Unrepresented Litigants | Issue Joined | Insurance Carriers |
|---|---|---|---|---|
| ☐ | Name: Michael Johnson  Role(s): Plaintiff | Michael F. Kremins, Esq.; Raskin & Kremins, LLP; 160 Broadway - 4th Floor, New York, NY 10038; (212) 587-3434; kremlaw@netzero.com | ◉ YES  ○ NO | |
| ☐ | Name: Starbucks Corporation d/b/a Starbucks Coffee Company  Role(s): Defendant | Joseph Hanna, Esq.; Goldberg Segalla LLP; 665 Main Street, Buffalo, NY 14203; (716) 566-5400; jhanna@goldbergsegalla.com | ◉ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |
| ☐ | Name:  Role(s): | | ○ YES  ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 08/24/2021

_____
Signature

4368023
Attorney Registration Number

Joseph M. Hanna
Print Name

2 of 2

# RULES FOR PART 11 – DISCOVERY PART (a/k/a DCM)

**The following rules supersede the Temporary Rules During Period of Covid Restrictions issued in Jan. and April 2021.**

## Presiding Justice:  HON. JULIA I. RODRIGUEZ                    OCTOBER 1, 2021

WHEREAS THE REPERCUSSIONS OF THE COVID-19 PUBLIC HEALTH EMERGENCY CONTINUE TO IMPACT COURT OPERATIONS, IN-PERSON APPEARANCES ARE CANCELED; CONFERENCES ARE CONDUCTED VIRTUALLY.

1.  UPON FILING A REQUEST FOR A PRELIMINARY CONFERENCE, COUNSEL SHALL ALSO FILE THE BILL OF PARTICULARS.  IF YOU REQUIRE A PRELIMINARY CONFERENCE, PLEASE WORK TOGETHER AS ATTORNEYS AND FILL OUT THE ATTACHED PC FORM; SIGN THE PC FORM AND E-MAIL IT TO:
BxSupCiv-IA11@nycourts.gov.

2.  IF, DESPITE GOOD FAITH EFFORTS, COUNSEL ARE NOT ABLE TO REACH A PC CONSENSUS, THE COURT WILL ISSUE A PRELIMINARY CONFERENCE AND SCHEDULING ORDER (PC&SO); THE COURT WILL INSERT THE DATES FOR THE MAKING OF DEMANDS AND RESPONSES THERETO, DEPOSITIONS, INSURANCE INFORMATION AND OTHER DISCOVERY.  PLEASE SEND REQUEST FOR PC&SO TO:  BxSupCiv-IA11@nycourts.gov.

4.  COUNSEL ARE DIRECTED TO COMPLY WITH THE MANDATES OF THE PRELIMINARY CONFERENCE AND SCHEDULING ORDER.  IF COUNSEL ARE UNABLE TO COMPLY WITH THE SCHEDULING ORDER'S DIRECTIVES, THEN COUNSEL CAN REQUEST A DISCOVERY CONFERENCE, IN ACCORDANCE WITH THE ADMINISTRATIVE ORDER DATED SEPTEMBER 22, 2021, WHICH READS, *in pertinent part*:

> There shall be no discovery-related conferences absent the written application of a litigant demonstrating that all good faith efforts have been exhausted to resolve the issue(s) without court intervention.  The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.

5.  PLEASE SEND YOUR REQUEST FOR A DISCOVERY OR COMPLIANCE CONFERENCE TO:  BxSupCiv-IA11@nycourts.gov. *and* COURTATTORNEYPART11BX@NYCOURTS.GOV. The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.  IN YOUR REQUEST, PLEASE PROPOSE DATES AND TIMES THAT ARE MUTUALLY AGREEABLE FOR SCHEDULING.  IF THE REQUEST IS APPROVED, THE COURT SHALL SEND THE APPROPRIATE VIRTUAL LINKS TO ALL PARTIES.

6.  COUNSEL ARE GRANTED LEAVE TO STIPULATE TO THE FILING OF THE NOTE OF ISSUE WITHOUT COURT INTERVENTION, WHENEVER DISCOVERY IS COMPLETE.

7.  ALL MOTIONS ARE ON SUBMISSION UNLESS OTHERWISE DIRECTED BY THE COURT.

8.  MOTIONS PURSUANT TO CPLR 3211, 3212 and 3213 WILL STAY DISCOVERY, in accordance with CPLR R 3214(b).

BE ADVISED THAT WE ARE WORKING ON ALL SUBMITTED MOTIONS TO DATE.  IF YOU WITHDRAW ANY MOTION, WE GREATLY APPRECIATE IT IF YOU WOULD NOTIFY US OF SAME: BxSupCiv-1A11@nycourts.gov.

Regards,
Hon. Julia I. Rodriguez & Principal Court Attorney:  Mary Ann Amodeo, Esq.
Chambers Admin. Assistant/Secretary:  Mr. Matthew Williams - Chambers Tel:  718-618-1413
Part 11 Court Clerk:  Mr. Noam Suberi   -   Part 11 Tel: 718-618-1226

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX - Part 11**

-----------------------------------------------------------

Plaintiff(s),

- against -

Defendant(s),
-----------------------------------------------------------x

**PRELIMINARY CONFERENCE ORDER**

Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

HON. JULIA I. RODRIGUEZ, J.S.C.
**Preliminary Conference Part**
**Index Number** _____
**Conference Date** _____

**APPEARANCES:**

*Plaintiff:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ Coverage Amount:_____

*Defendant 1:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ **Coverage Amount:**_____

*Defendant 2:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ Coverage Amount:_____

*Defendant 3:*_____
Firm:_____
By Attorneys_____ Phone:_____
Carrier:_____ Phone:_____ Coverage Amount:_____

| | | | |
|---|---|---|---|
| **I** | **INSURANCE COVERAGE:** | □ | To be furnished within _____ days. |

**II BILL OF PARTICULARS:**

- □1. Not submitted: Bill of Particulars to be served by _____
- □2. Served:  ○2(a). Satisfactory   ○2(b). Unsatisfactory
- □3. Supplemental bill of particulars to be served_____
- □4. Bill of particulars for affirmative defenses to be served
  _____
  _____

**III MEDICAL REPORTS AND HOSPITAL AUTHORIZATIONS:**

- □1. Furnished (Except:_____)
- □2. Medical reports or authorizations for records to be served
- □3. Hospital authorizations to be served_____
  _____
  _____

**IV PHYSICAL EXAMINATION:**

- □1(a). Held          □1(b)  Waived
- □1(c). Examination of _____
  To be held _____
  Defendant to designate physician(s) within 21 days of plaintiffs EBT
- □2(a). Physician's report furnished
- □2(b). Copy of physician's report to be furnished to plaintiff
  within __2 of__ days of examination.

SC. NO. 8A Rev. 12/04/04

**PRELIMINARY CONFERENCE ORDER**                    **Page 2 of 2**

| | | | |
|---|---|---|---|
| **V** | **EXAMINATION BEFORE TRIAL:** | ☐**1.** | ☐ Plaintiff ☐ Defendants ☐ All parties |
| | | ☐**2.** | To be held at _____ |
| | | | Date: _____ Time: _____ |
| | | ☐**3.** | Held (Except:_____) ☐ Waived |

| | | | |
|---|---|---|---|
| **VI** | **OTHER DISCLOSURE:** | ☐**1.** | None |
| | | ☐**2.** | All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs. If none, an affirmation to that effect shall be exchanged. |
| | | ☐**3.** | Authorizations for plaintiffs employment records (IRS) including W-2 for period_____ |
| | | | _____ |
| | | ☐**4.** | _____ |
| | | | _____ |
| | | | _____ |
| | | | _____ |
| | | ☐**5.** | **To be completed within** _____ |

**VII   IMPLEADER ACTIONS:**   n1(a). **None**   ☐1(b). **To be commenced ____ days after all EBT's.**

**VIII  DESIGNATED FOR TRANSFER:**   ☐1(a). CPLR 325 (c)
                                      ☐1(b). CPLR 325 (d)

**IX   ADDITIONAL DIRECTIVES:**   ☐   **See attached page for additional directives**

**X   ALL PARTIES:**   Are directed to complete discovery on or before _____,
and appear for a compliance conf. on:   t/b/d _____
Request compliance conference via email:   _____.
BxSupCiv-IA11@nycourts.gov

**Pendency of motions pursuant to CPLR 3211, 3212 and 3213 stay discovery pursuant to CPLR R 3414(b).**
**Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.**
**In the event of non-compliance, costs or other sanctions may be imposed; and it is**
**ORDERED that Plaintiff is granted leave to file the Note of Issue on or before _____,**
**when discovery is complete.**

Dated: _____   Enter: _____

                                   **Hon. Julia I. Rodriguez, J.S.C.**

**Parties must adhere to all dates contained herein relating to the completion of items in this order. Counsel may enter into adjournments without further order of this court, upon consent of all counsel.**
SC. NO. 8A Rev. 12/04/04                    3 of 8

## Bronx County Supreme Court
## COMPLIANCE CONFERENCE ORDER

Present:

--------------------------------------------------------------------X

Index No. _____/_____

Plaintiff(s),

- against -

Date RJI filed: _____

Defendant(s).

--------------------------------------------------------------------X

***UPON*** the Preliminary Conference Order dated _____, and following a
Compliance Conference held on _____, and it appearing that disclosure was
previously ordered herein and has not been completed, **or that** additional disclosure is warranted, it is
hereby

   ***ORDERED*** that disclosure shall proceed and be completed in accordance herewith; and it is further

   ***ORDERED*** that proceedings directed herein shall be completed on or before the dates set forth. No
adjournments, postponements or alterations of this order are permitted without the court's written approval,
and none may be had upon the stipulation of the parties alone; and it is further

   ***ORDERED*** that disclosure demands now known to be necessary which are not raised at this
conference are deemed to be waived, unless otherwise ordered by the Court; and it is further

   ***ORDERED*** that any statutory stays of disclosure due to the pendency of motions pursuant to CPLR
§§ 3211, 3212 and 3213 are vacated; and it is further

   ***ORDERED*** that any parties failing to appear at this conference shall be bound by the terms of this
order; and it is further

**Revised 12/04/03**

4 of 8

### COMPLIANCE CONFERENCE ORDER          Page 2 of 3

*ORDERED* that the outstanding discovery shall be provided as follows:

1.  **INSURANCE COVERAGE:**        To be provided by_____

2.  **BILL OF PARTICULARS:** ___A. Response to be provided by _____ ;
    **Dated:_____**   ___B. Supplemental Bill of Particulars as to items:
                                   _____
                                   _____
                                   To be served by _____ ;
                              ___C. D & I  by _____ to be served by _____ ;
                              ___D. Responses to _____'s D & I dated _____ to
                                   be served by _____ ;

3.  **AUTHORIZATIONS:**       ___A. For Medical Records (specifically for _____
                                   _____)
                                   to be served by _____ ;
                              ___B. Authorizations for Plaintiff's:
                                   ___Employment Records;
                                   ___W-2 Records for Period_____ ;
                                   ___Other (Specify)_____ ;
                                   To be served by:_____ .
                              ___C. For _____
                                   to be served by_____ ;

4.  **EXAMINATION**           ____ Plaintiff       ____ Defendant       ____ All Parties
    **BEFORE TRIAL:**
                              ___A. To Be Held On _____ at ___:___ __.m.
                                   At _____ or unless otherwise
                                   agreed, the Bronx Supreme Court Building, Room 118.
         **NOTE:**                 Any EBT's not completed on said date will be continued
    **NO POSTPONEMENTS**            on _____ .
    **ARE PERMITTED**         ___B. Limitations:_____
    **WITHOUT COURT**              _____
    **APPROVAL.**             ___C. Post EBT demands to be served by _____
                                   and must be responded to by _____ .

**FAILURE TO COMPLY WITH THIS SCHEDULE WILL RESULT IN THE
PRECLUSION OF THE OFFENDING PARTY OR WAIVER OF EBT BY NON-
APPEARING PARTY, UNLESS OTHERWISE ORDERED BY THE COURT.**

Revised 12/04/03

## COMPLIANCE CONFERENCE ORDER                   Page 3 of 3

5.    **PHYSICAL**          ___**A.** Defendant to designate physician(s) in
      **EXAMINATION:**            writing by _____ ;
                             ___**B.** Examination to be held by _____ ;
                             ___**C.** Copy of physician's report to be furnished within 30 days of
                                    examination.

- **FAILURE TO TIMELY DESIGNATE WILL RESULT IN A
  WAIVER OF SUCH EXAMINATION, UNLESS OTHERWISE
  ORDERED BY THE COURT.**
- **FAILURE TO COMPLY WILL RESULT IN PLAINTIFF'S
  PRECLUSION FROM OFFERING ANY EVIDENCE AT
  TRIAL REGARDING THEIR PHYSICAL CONDITION,
  UNLESS OTHERWISE ORDERED BY THE COURT.**

6.    **OTHER**             ___**A.** None.
      **DISCLOSURE:**        ___**B.** All parties to exchange names and addresses of all witnesses,
                                    opposing partie's statements and photographs. If none, an affirmation
                                    to that effect shall be exchanged by_____.
                             ___**C.** Other:_____

                                    _____
                                    _____
                                    To be served by_____ ;
      and it is further

      ***ORDERED*** that plaintiff _____ shall serve and file a Note of
Issue and Certificate of Readiness on or before _____. The failure to file
a Note of Issue as required by this order may subject the plaintiff to fines. Plaintiff may not file a
Note of Issue unless all discovery due by plaintiff has been completed pursuant to this order. A
party that files a Note of Issue where that party has not complied with this order may be subject to
costs and/or sanctions; and it is further

      ***ORDERED*** that failure to comply with the directives and schedule detailed herein will
result in either a *waiver of the item requested* or *the preclusion of items or testimony of the
offending party's evidence at the time of trial,* and/or *the imposition of costs and sanctions,* unless
otherwise ordered by the Court.

**DATED:**_____          **ENTER:**    _____
                                                          **J.S.C.**

**Revised 4/15/08**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

_____ X

_____ X

**INDIVIDUAL ASSIGNMENT PART** _____

**STIPULATION**

Index No.

Mot. Cal.No.

Date

**IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date:**

**So Ordered.**

**ENTER:** _____
                    **J.S.C.**

_____
**Attorney for Plaintiff**
_____
**Attorney for Defendant**
_____
**Attorney for Defendant**

SC. NO. 8G Rev. 3/86



STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
**TWELFTH JUDICIAL DISTRICT**
**SUPREME COURT, CIVIL DIVISION**
851 GRAND CONCOURSE
BRONX, NEW YORK 10451

**DORIS M. GONZALEZ**
Administrative Judge

## ADMINISTRATIVE ORDER

By the Authority vested in me as Administrative Judge of this Court, I hereby order as follows:

**WHEREAS** our Court continues to manage the repercussions of the COVID-19 public health emergency; and

**WHEREAS** it is necessary to the uniform operation of the Courthouse that all court Parts operate in a similar manner, it is hereby

**ORDERED** that in the interests of judicial economy, <u>there shall be no discovery-related conferences</u> absent the written application of a litigant demonstrating that all good faith efforts have been exhausted to resolve the issue(s) without court intervention. The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.

Dated: September 22, 2021
Bronx, New York

Hon. Doris M. Gonzalez
Administrative Judge for Civil Matters
Twelfth Judicial District

*Supreme Court*
*of the*
*State of New York*



**LAKISHA C. HICKSON**
CHIEF CLERK
CIVIL BRANCH

TWELFTH JUDICIAL DISTRICT
851 GRAND CONCOURSE
BRONX, N.Y. 10451

## NOTICE

If a preliminary conference is required, a mutually agreed upon proposed preliminary conference order is to be emailed to the Court.

The proposed preliminary conference order must be emailed to **BxSupCiv-IA11@nycourts.gov** within <u>twenty (20) days</u> of the date of filing of this notice.

If the matter has been resolved, a Stipulation of Discontinuance must be filed in NYSCEF.

# RULES FOR PART 11 – DISCOVERY PART (a/k/a DCM)
**The following rules supersede the Temporary Rules During Period of Covid Restrictions issued in Jan. and April 2021.**

## Presiding Justice:  HON. JULIA I. RODRIGUEZ                    OCTOBER 1, 2021

WHEREAS THE REPERCUSSIONS OF THE COVID-19 PUBLIC HEALTH EMERGENCY CONTINUE TO IMPACT COURT OPERATIONS, IN-PERSON APPEARANCES ARE CANCELED; CONFERENCES ARE CONDUCTED VIRTUALLY.

   1.   UPON FILING A REQUEST FOR A PRELIMINARY CONFERENCE, COUNSEL SHALL ALSO FILE THE BILL OF PARTICULARS.  IF YOU REQUIRE A PRELIMINARY CONFERENCE, PLEASE WORK TOGETHER AS ATTORNEYS AND FILL OUT THE ATTACHED PC FORM; SIGN THE PC FORM AND E-MAIL IT TO: BxSupCiv-IA11@nycourts.gov.

   2.  IF, DESPITE GOOD FAITH EFFORTS, COUNSEL ARE NOT ABLE TO REACH A PC CONSENSUS, THE COURT WILL ISSUE A PRELIMINARY CONFERENCE AND SCHEDULING ORDER (PC&SO); THE COURT WILL INSERT THE DATES FOR THE MAKING OF DEMANDS AND RESPONSES THERETO, DEPOSITIONS, INSURANCE INFORMATION AND OTHER DISCOVERY.  PLEASE SEND REQUEST FOR PC&SO TO:  BxSupCiv-IA11@nycourts.gov.

   4.  COUNSEL ARE DIRECTED TO COMPLY WITH THE MANDATES OF THE PRELIMINARY CONFERENCE AND SCHEDULING ORDER.  IF COUNSEL ARE UNABLE TO COMPLY WITH THE SCHEDULING ORDER'S DIRECTIVES, THEN COUNSEL CAN REQUEST A DISCOVERY CONFERENCE, IN ACCORDANCE WITH THE ADMINISTRATIVE ORDER DATED SEPTEMBER 22, 2021, WHICH READS, *in pertinent part*:

> There shall be no discovery-related conferences absent the written application of a litigant demonstrating that all good faith efforts have been exhausted to resolve the issue(s) without court intervention.  The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.

   5.  PLEASE SEND YOUR REQUEST FOR A DISCOVERY OR COMPLIANCE CONFERENCE TO:  BxSupCiv-IA11@nycourts.gov. *and* COURTATTORNEYPART11BX@NYCOURTS.GOV. The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.  IN YOUR REQUEST, PLEASE PROPOSE DATES AND TIMES THAT ARE MUTUALLY AGREEABLE FOR SCHEDULING.  IF THE REQUEST IS APPROVED, THE COURT SHALL SEND THE APPROPRIATE VIRTUAL LINKS TO ALL PARTIES.

   6.  COUNSEL ARE GRANTED LEAVE TO STIPULATE TO THE FILING OF THE NOTE OF ISSUE WITHOUT COURT INTERVENTION, WHENEVER DISCOVERY IS COMPLETE.

   7.  ALL MOTIONS ARE ON SUBMISSION UNLESS OTHERWISE DIRECTED BY THE COURT.

   8.  MOTIONS PURSUANT TO CPLR 3211, 3212 and 3213 WILL STAY DISCOVERY, in accordance with CPLR R 3214(b).

BE ADVISED THAT WE ARE WORKING ON ALL SUBMITTED MOTIONS TO DATE.  IF YOU WITHDRAW ANY MOTION, WE GREATLY APPRECIATE IT IF YOU WOULD NOTIFY US OF SAME: BxSupCiv-1A11@nycourts.gov.

Regards,
Hon. Julia I. Rodriguez & Principal Court Attorney:  Mary Ann Amodeo, Esq.
Chambers Admin. Assistant/Secretary:  Mr. Matthew Williams - Chambers Tel:  718-618-1413
Part 11 Court Clerk:  Mr. Noam Suberi   -   Part 11 Tel: 718-618-1226

SUPREME COURT OF THE STATE OF NEW YORK      Calendar #
COUNTY OF BRONX - Part 11
--------------------------------------------------                    325 (d)_____

                                                      **PRELIMINARY CONFERENCE ORDER**

                              Plaintiff(s),            Pursuant to Part 202 of the Uniform Civil
                                                              Rules for the Supreme Court

        - against -
                                                      **HON.   JULIA I. RODRIGUEZ, J.S.C.**
                                                      **Preliminary Conference Part**
                              Defendant(s),            **Index Number** _____
------------------------------------------------x     **Conference Date** _____

**APPEARANCES:**      *Plaintiff:*_____
                      Firm:_____
                      By Attorneys_____ Phone:_____
                      Carrier:_____ Phone:_____ Coverage Amount:_____

                      *Defendant 1:*_____
                      Firm:_____
                      By Attorneys_____ Phone:_____
                      Carrier:_____ Phone:_____ **Coverage Amount:**_____

                      *Defendant 2:*_____
                      Firm:_____
                      By Attorneys_____ Phone:_____
                      Carrier:_____ Phone:_____ Coverage Amount:_____

                      *Defendant 3:*_____
                      Firm:_____
                      By Attorneys_____ Phone:_____
                      Carrier:_____ Phone:_____ Coverage Amount:_____

**I      INSURANCE**          ☐       To be furnished within _____ days.
        **COVERAGE:**

**II     BILL OF**            ☐1.     Not submitted: Bill of Particulars to be served by _____
        **PARTICULARS:**              _____
                              ☐2.     Served:      ○2(a). Satisfactory    ○2(b). Unsatisfactory
                              ☐3.     Supplemental bill of particulars to be served_____
                              ☐4.     Bill of particulars for affirmative defenses to be served
                                      _____
                                      _____

**III    MEDICAL REPORTS**    ☐1.     Furnished (Except:_____)
        **AND HOSPITAL**      ☐2.     Medical reports or authorizations for records to be served
        **AUTHORIZATIONS:**   ☐3.     Hospital authorizations to be served_____
                                      _____
                                      _____

**IV     PHYSICAL**           ☐1(a).  Held              ☐1(b)  Waived
        **EXAMINATION:**      ☐1(c).  Examination of _____
                                      To be held _____
                                      Defendant to designate physician(s) within 21 days of plaintiffs EBT
                              ☐2(a).  Physician's report furnished
                              ☐2(b).  Copy of physician's report to be furnished to plaintiff
                                      within _____ days of examination.

SC. NO. 8A Rev. 12/04/04

**PRELIMINARY CONFERENCE ORDER**                    **Page 2 of 2**

| | | | | | |
|---|---|---|---|---|---|
| **V** | **EXAMINATION BEFORE TRIAL:** | ☐**1.** | ☐ Plaintiff | ☐ Defendants | ☐ All parties |

☐**2.** To be held at _____
Date: _____ Time: _____
☐**3.** Held (Except:_____) ☐Waived

**VI** **OTHER DISCLOSURE:**
☐**!.** None
☐**2.** All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs.  If none, an affirmation to that effect shall be exchanged.
☐**3.** Authorizations for plaintiffs employment records (IRS) including W-2 for period_____
☐**4.** _____
_____
_____
_____
_____
☐**5.** **To be completed within** _____

**VII** **IMPLEADER ACTIONS:** **nl (a).** **None** ☐1(b). **To be commenced ____ days after all EBT's.**

**VIII** **DESIGNATED FOR TRANSFER:**
☐1(a). CPLR 325 (c)
☐1(b). CPLR 325 (d)

**IX** **ADDITIONAL DIRECTIVES:**
☐ **See attached page for additional directives**

**X** **ALL PARTIES:** Are directed to complete discovery on or before _____,
and appear for a compliance conf. on:   *t/b/d* _____
Request compliance conference via email: _____.
BxSupCiv-IA11@nycourts.gov

**Pendency of motions pursuant to CPLR 3211, 3212 and 3213 stay discovery pursuant to CPLR R 3414(b).**
**Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.**
**In the event of non-compliance, costs or other sanctions may be imposed; and it is**
**ORDERED that Plaintiff is granted leave to file the Note of Issue on or before _____,**
** when discovery is complete.**

Dated: _____        Enter: _____

                                    **Hon. Julia I. Rodriguez, J.S.C.**

**Parties must adhere to all dates contained herein relating to the completion of items in this order.  Counsel may enter into adjournments without further order of this court, upon consent of all counsel.**
SC. NO. 8A Rev. 12/04/04

## Bronx County Supreme Court
## COMPLIANCE CONFERENCE ORDER

Present:

----------------------------------------------------------------X

                                                                    Index No. _____/_____

Plaintiff(s),

    - against -

                                                      Date RJI filed: _____

Defendant(s).

----------------------------------------------------------------X

       *UPON* the Preliminary Conference Order dated _____, and following a
Compliance Conference held on _____, and it appearing that disclosure was
previously ordered herein and has not been completed, or that additional disclosure is warranted, it is
hereby

       *ORDERED* that disclosure shall proceed and be completed in accordance herewith; and it is further

       *ORDERED* that proceedings directed herein shall be completed on or before the dates set forth. No
adjournments, postponements or alterations of this order are permitted without the court's written approval,
and none may be had upon the stipulation of the parties alone; and it is further

       *ORDERED* that disclosure demands now known to be necessary which are not raised at this
conference are deemed to be waived, unless otherwise ordered by the Court; and it is further

       *ORDERED* that any statutory stays of disclosure due to the pendency of motions pursuant to CPLR
§§ 3211, 3212 and 3213 are vacated; and it is further

       *ORDERED* that any parties failing to appear at this conference shall be bound by the terms of this
order; and it is further

**COMPLIANCE CONFERENCE ORDER**            **Page 2 of 3**

*ORDERED* that the outstanding discovery shall be provided as follows:

1.   **INSURANCE COVERAGE:**        To be provided by _____

2.   **BILL OF PARTICULARS:** ___A. Response to be provided by _____ ;
     **Dated:_____**        ___B. Supplemental Bill of Particulars as to items:
                                  _____
                                  _____
                                  To be served by _____ ;
                                  ___C. D & I  by _____ to be served by _____ ;
                                  ___D. Responses to _____'s D & I dated _____ to
                                  be served by _____ ;

3.   **AUTHORIZATIONS:**          ___A. For Medical Records (specifically for _____
                                  _____)
                                  to be served by _____ ;
                                  ___B. Authorizations for Plaintiff's:
                                       ___ Employment Records;
                                       ___ W-2 Records for Period_____ ;
                                       ___ Other (Specify)_____ ;
                                  To be served by:_____ .
                                  ___C. For _____
                                  to be served by_____ ;

4.   **EXAMINATION**              ____ Plaintiff        ____ Defendant        ____ All Parties
     **BEFORE TRIAL:**
                                  ___A. To Be Held On _____ at ___:____ __.m.
                                       At _____ or unless otherwise
     **NOTE:**                         agreed, the Bronx Supreme Court Building, Room 118.
     **NO POSTPONEMENTS**              Any EBT's not completed on said date will be continued
     **ARE PERMITTED**                 on _____ .
     **WITHOUT COURT**            ___B. Limitations:_____
     **APPROVAL.**                     _____
                                  ___C. Post EBT demands to be served by _____
                                       and must be responded to by _____ .

**FAILURE TO COMPLY WITH THIS SCHEDULE WILL RESULT IN THE
PRECLUSION OF THE OFFENDING PARTY OR WAIVER OF EBT BY NON-
APPEARING PARTY, UNLESS OTHERWISE ORDERED BY THE COURT.**

**Revised 12/04/03**

**COMPLIANCE CONFERENCE ORDER**          Page 3 of 3

5.  **PHYSICAL**          ___**A.** Defendant to designate physician(s) in
    **EXAMINATION:**          writing by _____ ;
                       ___**B.** Examination to be held by _____ ;
                       ___**C.** Copy of physician's report to be furnished within 30 days of
                             examination.

       •   **FAILURE TO TIMELY DESIGNATE WILL RESULT IN A
           WAIVER OF SUCH EXAMINATION, UNLESS OTHERWISE
           ORDERED BY THE COURT.**
       •   **FAILURE TO COMPLY WILL RESULT IN PLAINTIFF'S
           PRECLUSION FROM OFFERING ANY EVIDENCE AT
           TRIAL REGARDING THEIR PHYSICAL CONDITION,
           UNLESS OTHERWISE ORDERED BY THE COURT.**

6.  **OTHER**          ___**A.** None.
    **DISCLOSURE:**          ___**B.** All parties to exchange names and addresses of all witnesses,
                             opposing partie's statements and photographs. If none, an affirmation
                             to that effect shall be exchanged by_____.
                       ___**C.** Other:_____
                             _____
                             _____
                             To be served by_____ ;

and it is further

       ***ORDERED*** that plaintiff _____ shall serve and file a Note of
Issue and Certificate of Readiness on or before _____. The failure to file
a Note of Issue as required by this order may subject the plaintiff to fines. Plaintiff may not file a
Note of Issue unless all discovery due by plaintiff has been completed pursuant to this order. A
party that files a Note of Issue where that party has not complied with this order may be subject to
costs and/or sanctions; and it is further

       ***ORDERED*** that failure to comply with the directives and schedule detailed herein will
result in either a *waiver of the item requested*  or  *the preclusion of items or testimony of the
offending party's evidence at the time of trial.*  and/or  *the imposition of costs and sanctions,* unless
otherwise ordered by the Court.

**DATED:**_____          **ENTER:**      _____
                                                    **J.S.C.**

                                                    Revised 4/15/08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
_____ X

_____ X

INDIVIDUAL ASSIGNMENT PART _____

STIPULATION

Index No.

Mot. Cal.No.

Date

**IT IS HEREBY STIPULATED AND AGREED by and between the below-named attorney(s) as follows:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date:**

**So Ordered.**

**ENTER:** _____
                    J.S.C.

_____
Attorney **for Plaintiff**

_____
Attorney for Defendant

_____
Attorney for Defendant

SC. NO. 8G Rev. 3/86



STATE OF NEW YORK
**UNIFIED COURT SYSTEM**
**TWELFTH JUDICIAL DISTRICT**
**SUPREME COURT, CIVIL DIVISION**
851 GRAND CONCOURSE
BRONX, NEW YORK 10451

**DORIS M. GONZALEZ**
Administrative Judge

## ADMINISTRATIVE ORDER

By the Authority vested in me as Administrative Judge of this Court, I hereby order as follows:

**WHEREAS** our Court continues to manage the repercussions of the COVID-19 public health emergency; and

**WHEREAS** it is necessary to the uniform operation of the Courthouse that all court Parts operate in a similar manner, it is hereby

**ORDERED** that in the interests of judicial economy, <u>there shall be no discovery-related conferences</u> absent the written application of a litigant demonstrating that all good faith efforts have been exhausted to resolve the issue(s) without court intervention. The application shall identify the good faith efforts undertaken and highlight specific point(s) of contention that require judicial resolution.

Dated: September 22, 2021
Bronx, New York

Hon. Doris M. Gonzalez
Administrative Judge for Civil Matters
Twelfth Judicial District

Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 45 of 53

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX - Part 11**

Calendar # _____
325 (d)___|_____

MICHAEL JOHNSON

Plaintiff(s),

- against -

STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY

Defendant(s),

--------------------------------------------------------------X

**PRELIMINARY CONFERENCE ORDER**

Pursuant to Part 202 of the Uniform Civil
Rules for the Supreme Court

HON. DORIS M. GONZALEZ
**Preliminary Conference Part**
**Index Number** 806243/2021
**Conference Date** _____

**APPEARANCES:**    *Plaintiff:* Michael Johnson

Firm: Raskin & Kremins, LLP

By Attorneys Michael R. Kremins, Esq.      Phone: (212) 587-3434

Carrier:_____ Phone:_____ Coverage Amount:_____

*Defendant 1:* Starbucks Corporation d/b/a Starbucks Coffee Company

Firm: Goldberg Segalla LLP

By Attorneys Joseph M. Hanna, Esq.      Phone: (716) 566-5400

Carrier:_____ Phone:_____ **Coverage Amount:**_____

*Defendant 2:*_____

Firm:_____

By Attorneys_____ Phone:_____

Carrier:_____ Phone:_____ Coverage Amount:_____

*Defendant 3:*_____

Firm:_____

By Attorneys_____ Phone:_____

Carrier:_____ Phone:_____ Coverage Amount:_____

| | | | |
|---|---|---|---|
| **I** | **INSURANCE COVERAGE:** | ☐ | To be furnished within 30 ____ days. (to the extent not already provided) |

| | | | |
|---|---|---|---|
| **II** | **BILL OF PARTICULARS:** | ☐1. | Not submitted: Bill of Particulars to be served by _____ |
| | | ☒2. | Served:    ☒2(a). Satisfactory    ○2(b). Unsatisfactory |
| | | ☒3. | Supplemental bill of particulars to be served as to special damages 1/10/2022 |
| | | ☐4. | Bill of particulars for affirmative defenses to be served |

_____

_____

| | | | |
|---|---|---|---|
| **III** | **MEDICAL REPORTS AND HOSPITAL AUTHORIZATIONS:** | ☒1. | Furnished (Except: providers related to alleged psychological injuries ) |
| | | ☒2. | Medical reports or authorizations for records to be served |
| | | ☐3. | Hospital authorizations to be served _____ |

_____

_____

| | | | |
|---|---|---|---|
| **IV** | **PHYSICAL EXAMINATION:** | ☐1(a). | Held      ☐1(b) Waived |
| | | ☒1(c). | Examination of Plaintiff |
| | | | To be held within 60 days of plaintiff deposition |
| | | | Defendant to designate physician(s) within 21 days of plaintiffs EBT |
| | | ☐2(a). | Physician's report furnished |
| | | ☒2(b). | Copy of physician's report to be furnished to plaintiff within 45 ____ days of examination. |

SC. NO. 8A Rev. 12/04/04

PRELIMINARY CONFERENCE ORDER                    Page 2 of 2

| V | EXAMINATION BEFORE TRIAL: | ☒1. | ☒ Plaintiff 3/8/22    ☒ Defendants 3/16/22    ☐ All parties |
|---|---|---|---|
| | | ☐2. | To be held at _____ |
| | | | Date: _____ Time: _____ |
| | | ☐3. | Held (Except:_____.)    ☐Waived |

| VI | OTHER DISCLOSURE: | ☐1. | None |
|---|---|---|---|
| | | ☒2. | All parties to exchange names and addresses of all witnesses, opposing parties' statements, and photographs. If none, an affirmation to that effect shall be exchanged. |
| | | ☐3. | Authorizations for plaintiffs employment records (IRS) including W-2 for period _____ |
| | | ☒4. | - Plaintiff to provide response to CPLR 3017(c) demand and duly executed authorizations as detailed in November 10, 2021 correspondence |
| | | | - Defendant to respond to plaintiff discovery demands dated November 5, 2021 |
| | | ☒5. | **To be completed within** 30 days |

**VII    IMPLEADER ACTIONS:    nl(a). None        ☒1(b). To be commenced** 30 **days after all EBT's.**

| VIII | DESIGNATED FOR TRANSFER: | ☐1(a). CPLR 325 (c) |
|---|---|---|
| | | ☐1(b). CPLR 325 (d) |

**IX    ADDITIONAL DIRECTIVES:    ☐    See attached page for additional directives**

**X    ALL PARTIES:**    Are directed to complete discovery on or before _____,
and appear for a compliance conf. on:    t/b/d _____.
Request compliance conference via email:
BxSupCiv-IA11@nycourts.gov

Pendency of motions pursuant to CPLR 3211, 3212 and 3213 stay discovery pursuant to CPLR R 3414(b).
Counsel will be required to justify, at the Compliance Conference, failure to adhere to the discovery schedule set forth herein.
In the event of non-compliance, costs or other sanctions may be imposed; and it is
ORDERED that Plaintiff is granted leave to file the Note of Issue on or before _____,
when discovery is complete.

Dated: 12-10-21        Enter: _____

HON. DORIS M. GONZALEZ

Parties must adhere to all dates contained herein relating to the completion of items in this order. Counsel may enter into adjournments without further order of this court, upon consent of all counsel.
SC. NO. 8A Rev. 12/04/04

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX, PART 11**

-----------------------------------------------------X

Michael Johnson,                                                          Index No. 806243/21

                                                -against-                                    **HON. JULIA I. RODRIGUEZ**

Starbucks Corporation                                                    Justice Supreme Court

-----------------------------------------------------X

The following papers numbered ___ to ___ were read on this motion ( Seq. No.     )
for _____ noticed on _____.

| | |
|---|---|
| Notice of Motion / Order to Show Cause - Exhibits and Affidavits Annexed | No(s). |
| Answering Affidavit and Exhibits | No(s). |
| Replying Affidavit and Exhibits | No(s). |

2-17-22

    After virtual conference on 2/15/2022 with counsel for Plaintiff, Michael Kremins,
and for Defendant, Joseph Hanna, it is
    ORDERED that, if Plaintiff suffered any prior injury to his hands or face or any
traumatic brain injury, Plaintiff shall provide HIPAA-compliant authorizations for the
records of any and all treatment providers regarding said injuries, within 30 days from the
date of entry of this Order; and it is
    ORDERED that Plaintiff's deposition shall be held on or before 5/20/22; and it is
    ORDERED that Defendant's deposition shall be held on or before 5/27/22.

*The court notes that this matter may be removed to federal court.  Mr. Hanna will notify
the court if he makes a motion for removal to federal court.

Motion is Respectfully Referred to Justice: _____
Dated: _____

**Dated:** 2/18/2022                    **Hon.** _____

                                        **JULIA I. RODRIGUEZ, J.S.C**

1. CHECK ONE.................................     □ CASE DISPOSED IN ITS ENTIRETY     □ CASE STILL ACTIVE
                                                □ GRANTED     □ DENIED     □ GRANTED IN PART     □ OTHER
2. MOTION IS.................................         □ SETTLE ORDER     □ SUBMIT ORDER     □ SCHEDULE
                                                APPEARANCE □ FIDUCIARY APPOINTMENT     □ REFEREE
3. CHECK IF APPROPRIATE....................     APPOINTMENT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------X
MICHAEL D. JOHNSON,

                       Plaintiff,

    -against-

STARBUCKS CORPORATION
D/B/A STARBUCKS COFFEE COMPANY

                       Defendant.
--------------------------------------------------------------------X

Index No. 806243/21

<u>NOTICE TO PRODUCE</u>

S I R S:

PLEASE TAKE NOTICE, that pursuant to CPLR §3120, defendants are hereby requested to furnish to the undersigned as attorneys for plaintiff(s), within twenty (20) days after the date of service thereof, the following:

<u>INSTRUCTIONS FOR USE</u>

A.   All information is to be divulged which is in the possession of defendant, their attorneys, investigators, agents, employees or any other person or entity acting on behalf of defendant or their attorneys.

B.   These demands are intended as continuing demands, requiring you to answer by supplemental answer, setting forth any information within the scope of the demand as may be acquired by you, your agents, attorneys, or representatives supplementing the original answers.

C.   Where the terms "accident", "incident", or "occurrence" are used herein, they refer to the event or events which form the basis of this lawsuit, unless otherwise specified.

D.   Where an individual demand calls for an answer which involves more than one part, each part of the answer should be clearly set out so that it is understandable.

E.   Communication:  The term "communication" means the transmittal of information

(in the form of facts, ideas, inquiries or otherwise).

F.   Document:   The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term.

G.   Identity (With respect to persons):   When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting identification of that person.

H.   Identify   (With respect to documents):   When referring to documents, "to identify" means to give, to the extent known, the (I) type of document; (ii) general subject matter;   (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

I.   Parties:   The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.   This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

J.   Person:   The term "person" is defined as any natural person or any business, legal or governmental entity or association.

K.   Concerning:   The term "concerning" means relating to, referring to, describing, evidencing or constituting.

L.   The following rules of construction apply to all discovery requests:

(i)   All/Each:   The terms "all" and "each" shall be construed as all and each.

(ii)   And/or:   The connectives "and" and "or" shall be construed either disjunctively or

INDEX NO. 806243/2021E
RECEIVED NYSCEF: 03/23/2022

Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 50 of 53

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(iii)   Number:   The use of the singular form of any work includes the plural and vice versa.

1.   Produce the names, titles and last known addresses, if no longer employed, of all defendant employees working at time of incident which is subject matter of this legal action.

2.   Produce any investigation prepared in the regular course of business regarding the occurrence, which is the subject matter of this litigation.

3.   Produce any video depicting plaintiff at defendant's premises on day of occurrence.

4.   Produce the names of any persons claiming injury at defendant's premises for a three (3) year period up to and through June 28, 2019.

5.   Produce the name of any security companies/employees working on date of occurrence at defendant's premises.

***PLEASE TAKE FURTHER NOTICE,*** that if defendant(s) has no information with respect to a particular demand, a statement to that effect, in writing, is required.

***PLEASE TAKE FURTHER NOTICE,*** that this demand is continuing and in the event defendant(s) attempts to introduce, at the time of trial, any information requested herein without having heretofore provided same to plaintiff(s)'s counsel, plaintiff(s) will object to the use thereof on the grounds of surprise.

Dated: New York, New York
      March 23, 2022

                         RASKIN & KREMINS, L.L.P.
                         *Michael F. Kremins*
                         MICHAEL F. KREMINS, ESQ.
                         Attorneys for Plaintiff
                         160 Broadway, 4th Floor
                         New York, New York   10038
                         (212) 587-3434

Case 7:22-cv-02409-KMK   Document 1-1   Filed 03/24/22   Page 51 of 53

TO:    GOLDBERG SEGALLA, LLP
Attorneys for Defendant
STARBUCKS CORPORATION
d/b/a STARBUCKS COFFEE COMPANY
665 Main Street
Buffalo, New York 14203
(716) 566-5400

Index No. 806243/2021E
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

MICHAEL D. JOHNSON,

Plaintiff

-against –

STARBUCKS CORPORATION d/b/a
STARBUCKS COFFEE COMPANY,

Defendants.

## PLAINTIFF'S NOTICE TO PRODUCE

**RASKIN & KREMINS, L.L.P.**
***Attorneys for Plaintiff***
***MICHAEL D. JOHNSON***
**160 Broadway - 4th Floor**
**New York, New York 10038**
**(212) 587-3434**

To: Attorney(s) for Defendant(s)

PLEASE TAKE NOTICE
NOTICE OF
ENTRY

☐ that the within is a (certified) true copy of an Order entered in the office of the Clerk

of the within named Court on

NOTICE OF
SETTLEMENT

☐ that an Order of which the within is a true copy will be presented to the Hon.

the judges of within named Court, at                    , on                    .

Dated: New York, New York                    Yours, etc.,

RASKIN & KREMINS, L.L.P.
*Attorneys for Plaintiff(s)*
160 Broadway-4th Floor
New York, NY    10038
(212) 587-3434

FILED: BRONX COUNTY CLERK 03/23/2022 11:49 AM
NYSCEF DOC. NO. 13

INDEX NO. 806243/2021E
RECEIVED NYSCEF: 03/23/2022