

**GOLDBERG SEGALLA**

Joseph M. Hanna | Partner
Direct 716.566.5447 | jhanna@goldbergsegalla.com

November 10, 2022

*Via ECF*

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

          Re:    **Johnson v. Starbucks Corporation d/b/a Starbucks Coffee Company**
                **Case No.: 1:22-cv-02409**

Dear Judge Engelmayer:

      We write for two purposes: (1) to clarify Paragraph 1 of the Court's Order dated November 7, 2022 [Doc. 43], and (2) to bring another anticipated dispute between the parties to the Court's attention.

      First, Paragraph 1 of the Order requires Starbucks to file a log of certain incidents reported "in the last three years." After the Order was docketed, plaintiff's counsel wrote to our office to clarify that he is seeking reports of incidents in the three years up to and including the incident, which is consistent with our understanding. We respectfully request that the Court clarify whether Starbucks must file a log of certain incidents in the last three years (i.e., November 9, 2019 - November 9, 2022) or in the three years preceding the incident (i.e., June 28, 2016 - June 28, 2019). It appears that both parties agree on the latter as the appropriate parameter in light of what was discussed at the November 7, 2022 Case Management Conference.

      Second, in the letter plaintiff's counsel sent after the Order was docketed, plaintiff submitted a new request to "question and/or speak to" certain former Starbucks. We consider plaintiff's request to be an attempt to evade Your Honor's very clear edict that discovery is closed for all purposes but the incident log due on November 21, 2022. For context, during the depositions of five Starbucks current and former employees, the witnesses identified certain colleagues in response to plaintiff's counsel's questioning. Some of those identified are no longer employed by Starbucks but would have been produced and represented by Starbucks as former employees if their depositions were properly noticed. Plaintiff did not notice or subpoena any of those witnesses during fact discovery, but now seeks to "question and/or speak to" them now that discovery has closed. As noted above, Starbucks believes that any such questioning or interviews would be tantamount to taking depositions of former employees who Starbucks is defending (by contrast, Starbucks provided the last known contact information of several former employees whom Starbucks is not defending).

Respectfully, Starbucks has brought this issue to the Court's attention to make its position clear that it objects to these proposed interviews and to avoid having its position mischaracterized by plaintiff, which, whether intentionally or unintentionally, has been an ongoing pattern in this case.

Respectfully submitted,

Joseph M. Hanna (JH2603)

Cc: Counsel of Record *(via ECF)*

The Court clarifies that "the last three years" language in the November 7, 2022 order refers to the three years prior to the incident date. *See* Dkt. 43. As for Johnson's request to speak to former Starbucks' employees, it is denied. The Court will not reconsider the limited purpose for which it reopened fact discovery, as articulated in its November 7, 2022 order. *Id.*

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge
November 10, 2022